UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CESAR SOLANO-HERNANDEZ,<br><br>          Defendant. | No. CR-06-021-FVS<br><br>FINDINGS AND CONCLUSIONS |

   **THE DEFENDANT** came before the Court for sentencing on July 17, 2006.  He was represented by Charles E. Woode; the government by Russell E. Smoot.  This order serves to memorialize some, but not all, of the Court's oral findings and conclusions.

   *Apprendi* Binding Until Overruled

   The defendant argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 1226, Ed.2d 350 (1998), have been implicitly overruled by *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).  Believing, as he does, that these cases have been overruled implicity, he argues that counting his prior convictions will violate the Sixth Amendment because he has not stipulated to their validity and a jury has not found them valid beyond a reasonable doubt.  This argument is foreclosed by *United States v. Brown*, 417 F.3d 1077, 1078-79 (9th

Cir.2005) (*per curiam*), among other authorities.

### Prior Convictions May Not Be "Grouped"

Part D of Chapter 3 provides for the grouping of offenses. It does not provide for the grouping of prior convictions.

### C. Assault Convictions Are Unrelated

The defendant seems to be arguing that his 2003 and 2004 assault convictions (¶¶ 58 and 64 in the presentence investigation report) are related within the meaning of Note 3 to U.S.S.G. § 4A1.2. In order to establish that the two assaults are related, the defendant must show that they are not separated by an intervening arrest and that they were consolidated for sentencing. *Id.* The defendant probably can satisfy the first requirement. It is unlikely the two assaults were separated by an intervening arrest. However, the defendant cannot satisfy the second requirement. Insofar as ¶ 58 is concerned (3° Assault), the defendant was sentenced on November 20, 2003, in superior court. Insofar as ¶ 64 is concerned (4° Assault), the defendant was sentenced on April 12, 2004, in municipal court. Finally, even if the Court treats the two convictions as related and assigns only one point to the two of them, the defendant still has 5 criminal history points which means he remains in Criminal History Category III.

### No Basis for Departure

The Court is mindful it has discretion to depart downward based upon the grounds asserted by the defendant. Being fully aware of its discretion, the Court declines to depart. In a word, the defendant's case is not extraordinary.

FINDINGS AND CONCLUSIONS - 2

Advisory Guideline Range

The defendant was not a minor participant and he does not qualify for the two-level reduction provided by U.S.S.G. § 2D1.1(b)(7). Consequently, his adjusted offense level is 31. Since he falls in Criminal History Category III, his advisory Guideline range is 135-168 months.

18 U.S.C. § 3553(a)

The defendant is 26 years old. This is his second felony conviction. Until now, he has never been incarcerated for more than 30 days, and that in a county jail. However, the defendant has admitted that he participated in the sale of approximately one pound of methamphetamine for the sum of $12,500. This is a significant transaction. Having reviewed the record, the Court is satisfied that the defendant is not less culpable than Ismael Martinez-Solano, his co-participant. Although the latter has received a less severe sentence, the difference is largely a function of very different criminal histories. For these reasons and the reasons the Court indicated at the defendant's sentencing hearing, the Court concludes that a sentence of 135 months imprisonment is appropriate.

Mandatory Minimum

The defendant stipulated to accountability for 441.9 grams of a substance containing methamphetamine. He further stipulated that the substance is 49% pure, which means he is accountable for 216.5 grams of "actual" methamphetamine. If he is sentenced based upon the 441.9 grams of a substance containing methamphetamine, the mandatory minimum is 60 months. 21 U.S.C. § 841(b)(1)(B)(viii). By contrast,

he is sentenced based upon the 216.5 grams of "actual" methamphetamine, the mandatory minimum is 120 months. 21 U.S.C. § 841(b)(1)(A)(viii). The Court need not determine which minimum applies because the prison term that the Court is imposing, *i.e.*, 135 months, is greater than either mandatory minimum.

**IT IS HEREBY ORDERED:**

The defendant's motion to depart (**Ct. Rec. 74**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter these Findings and Conclusions and furnish copies to counsel.

**DATED** this ___25th___ day of July, 2006.

>               s/ Fred Van Sickle
>                 Fred Van Sickle
>          United States District Judge

FINDINGS AND CONCLUSIONS - 4